Per Curiam:

“ This is substantially a verdict of guilty; for the shooting of a man is, in law, a battery upon that man, and the assault and the intent to kill are expressly found. The statute does not require that the act should be done with malice afore *473 thought. The finding, therefore, that it was not clone with malice aforethought is an immaterial finding, and is surplusage.
The jury, therefore, have found every thing necessary to constitute the statute offence. We do not think it can be necessary, in an indictment upon this clause of the statute, to aver any other evil intent than the intent to kill, which is expressly averred ; for it would be tautology to say that the defendant, with evil intent made an assault and battery on the man with intent to kill him.
In support of a motion by the defendant’s counsel, at the last term, he produced the affidavit of a woman named Frances Tat-tersall. Upon a suggestion that she was an idiot, the CouRT (Cranch, C. J., absent,) required that she should be brought into Court and examined by the judges.
The defendant now offered the affidavit of Francis Lloyd for the same purpose. Mr. Key, for the United States, requested that this witness also should be brought., in and examined in Court. Mr. Brent, for the defendant, objected and said, it was not usual to examine witnesses in Court upon a motion for a new trial.
The Court (Morsell, J., contrá]) refused to cause the. witness to be brought in and-examined in court, and granted a new trial upon newly-discovered evidence; and the cause was afterwards transferred to Washington for trial.